IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FORREST REED,

    Petitioner,

v.                                                              CASE NO. 5:13-cv-120-RS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

# REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and is proceeding pursuant to an Amended Petition ("Petition"). Doc. 7. The Petition stems from Petitioner's May 2001 jury-trial convictions in Jackson County for five controlled-substance offenses, for which Petitioner received sentences totaling 65 years of imprisonment. Respondent filed a motion to dismiss the Petition as time-barred, Doc. 21, and Petitioner filed a reply in opposition, Doc. 25. For the following reasons, the undersigned recommends that the motion to dismiss be granted.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

The procedural history of Petitioner's case is summarized in the Respondent's motion, as supported by attached state-court records. Doc. 21. Petitioner does not dispute the accuracy of the Respondent's summary. Doc. 25. Petitioner contends that the Petition should not be deemed time-barred because he is entitled to the benefit of equitable tolling of the limitations period and to an "actual innocence" exception to the time-bar. Docs. 7, 25.

Petitioner was sentenced on May 8, 2001. Respondent's Appendix, Doc. 21-3 at 23-29. The First DCA *per curiam* affirmed without opinion on December 6, 2002, and rehearing was denied on January 15, 2003. Doc. 21-6 at 44, 46. Petitioner's conviction became final for purposes of the one-year federal limitations period 90 days later, when the deadline for seeking certiorari review in the U.S. Supreme Court expired, on or about April 15, 2003. *See Nix v. Secretary for the Dep't of Corrections*, 393 F.3d 1235, 1236-37 (11th Cir. 2004).

Petitioner filed a Fla. R. Crim. P. 3.850 motion on October 16, 2003. Doc. 21-6 at 67-78. At that point, 183 days of the federal limitations period had elapsed. That

case remained pending through denial, a First DCA remand on one ground, an evidentiary hearing, a second denial, and the eventual dismissal of Petitioner's appeal on December 27, 2007, for failure to file an appellate brief.  Doc. 21-8 at 78.

An additional 62 days of the federal limitations period elapsed until Petitioner filed a Fla. R. Crim. P. 3.800(a) motion to correct an illegal sentence on February 28, 2008.  Doc. 21-8 at 98-102.  The motion was denied, the First DCA affirmed the denial on September 29, 2008, and the mandate issued on October 27, 2008.  Doc. 21-9 at 51, 53.  At this point, 245 days of the federal limitations period had elapsed.  It expired 120 days later on February 24, 2009.  Petitioner filed no further collateral proceedings in the state court until December 12, 2011, when he filed a second Fla. R. Crim. P. 3.800(a) motion to correct illegal sentence, but at that point the federal limitations period had expired and there was nothing left to toll.

The instant Petition was filed on April 19, 2013, more than four years after expiration of the limitations period, and is clearly time-barred.  Doc. 1.  Petitioner contends in the Petition that he is entitled to the benefit of equitable tolling of the limitations period, and cites *Martinez v. Ryan*, ___U.S. ___, 132 S.Ct. 1309 (2012) as authority.  Doc. 7 at 13.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Helton v. Sec'y for Dept' of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001).  It is "an extraordinary remedy which is typically applied sparingly."  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  "The burden

of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

As Respondent asserts, *Martinez* is inapposite to Petitioner's equitable-tolling claim because that case did not concern the federal habeas one-year limitations period. In *Martinez*, the Supreme Court considered whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S.Ct. 1315. In appropriate circumstances, *Martinez* provides prisoners cause for overcoming procedural default of an ineffective-assistance claim so long as certain narrow conditions are met. *See Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1918 (2013) (to overcome procedural default, petitioner must have substantial claim of ineffective assistance of trial counsel; be unrepresented or represented by ineffective counsel during state collateral review that is the initial review regarding that claim; and state law requires that an ineffective assistance claim be raised in an initial-review collateral proceeding). There is nothing in *Martinez* that affords Petitioner relief from a a finding that his habeas corpus petition is *untimely* by more than four years under 28 U.S.C § 2244(d)(2), as opposed to providing a basis for overcoming a procedural default of a claim in an otherwise timely petition. Petitioner has made no showing that

he can satisfy the requirements for equitable tolling under the controlling case law. *See Lawrence*, 549 U.S. at 336.

In his response in opposition to the motion to dismiss, Petitioner makes the additional argument that he is entitled to the benefit of an actual innocence exception to the limitations period. Doc. 25. An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

As support for his actual-innocence claim, Petitioner contends his state prosecution, which stemmed from controlled buys of cocaine from his residence, resulted in a form of "sentencing factor manipulation" that should have resulted in a downward departure from state sentencing guidelines. Doc. 25 at 5-6. He also contends that his trial counsel should have challenged prosecution evidence of prior offenses or should have severed the offenses in his case, that his convictions violated Double Jeopardy, and that his counsel should have been permitted to withdraw. *Id*. at 10-11.

Petitioner's claims fall far short of a credible showing of actual innocence, but rather attack the sufficiency of the state's case, the sentence imposed under state law, and the performance of his counsel. The absence of any new reliable evidence of Petitioner's asserted innocence is fatal to his claim of entitlement to an actual innocence gateway through the one-year federal limitations bar. *See Rozzelle*, 672 F.3d at 1011; *see also Bruno v. Tucker* 2012 WL 5307931, *6 (N.D.Fla. 2012) (unpublished).

For these reasons, the Respondent's motion to dismiss the petition as time-barred is due to be granted.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1.  The motion to dismiss, Doc. 21, should be **GRANTED** and the petition for a writ of habeas corpus should be **DISMISSED as time-barred**.

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 28th day of May 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.